# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**MGP ELECTRONICS, INC.,**

      Plaintiff,             Case No._____

**vs.**                                      Honorable_____

**AURORA CIRCUITS, L.L.C.,**     Magistrate Judge_____

      Defendant.
_____

Randall J. Gillary (P 29905)
Kevin P. Albus (P 53668)
RANDALL J. GILLARY, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440
rgillary@gillarylaw.com
kalbus@gillarylaw.com
_____

## COMPLAINT
## AND JURY DEMAND

NOW COMES Plaintiff, MGP Electronics, Inc., by and through its attorneys, RANDALL J. GILLARY, P.C., who complains against Defendant, Aurora Circuits, L.L.C., as follows:

### JURISDICTIONAL ALLEGATIONS

1. Plaintiff, MGP Electronics, Inc., is a Michigan corporation with its principal place of business located in Dearborn, Michigan. Plaintiff is an

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084
_____

(248) 528-0440
FAX (248) 528-3412

independent manufacturer's representative sales agency representing principals to the automotive industry in southeastern Michigan.

2. Upon information and belief, Defendant Aurora Circuits, L.L.C. is a limited liability company with its principal place of business located in the State of Illinois. Upon further information and belief, none of the members of Defendant are citizens of the State of Michigan. Defendant is a manufacturer printed circuit boards, some of which are used in the assembly of automobiles.

3. The amount in controversy is in excess of $75,000, exclusive of costs, interest and attorney fees.

## COUNT I – BREACH OF CONTRACT

4. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 3 as if the same were fully set forth herein.

5. On or about November 3, 2003, Plaintiff and Defendant entered into a Sales Representative Agreement, a copy of which is attached hereto and marked as Exhibit A.

6. Pursuant to the Sales Representative Agreement, Defendant appointed Plaintiff as its sales representative for the purpose of soliciting orders for the sale of Defendant's products to new customers solicited by Plaintiff.

7. In exchange for Plaintiff's efforts as a sales representative for Defendant, Defendant promised and agreed that if Plaintiff brought an

opportunity to Defendant from a new customer, Defendant would pay to Plaintiff sales commissions at the rate of 5% of the net invoice price of all printed circuit boards shipped to the new customer. The 5% commission rate could be changed but only as specified in Paragraph 4 and only in circumstances agreed to by both parties.

8. The Sales Representative Agreement had an initial term one year, and was to automatically renew for additional one year periods thereafter unless terminated by written notice not less than 30 days prior to the end of any additional term or by mutual written agreement. Please see Paragraph 9 of the Sales Representative Agreement.

9. Paragraph 10 of the Sales Representative Agreement provides as follows:

> **10. RIGHTS UPON TERMINATION**
>
> A. Upon termination of this Agreement for any reason, Representative shall be entitled to:
>
> i) Commission on all orders calling for shipment into Representative's territory which are dated or communicated to Manufacturer prior to the effective date of termination, regardless of when such orders are shipped, or releases and shipments on such order take place.

10. Paragraph 11 of the Sales Representative Agreement provides as follows:

**11.** **GENERAL** – This Agreement contains the entire understanding of the parties, shall supersede any other oral or written agreements, and shall be binding upon and inure to the benefit of the parties' successors and assigns. It may not be modified in any way without the written consent of both parties.

11. Plaintiff was very successful in soliciting new business for Defendant. When Plaintiff started with Defendant in 2003, Defendant's total sales to the automotive industry were approximately $2,000,000. At the time of termination in 2012, Defendant's total sales to the automotive industry were approximately $14,000,000.

12. Plaintiff terminated the Sales Representative Agreement in approximately March 2012 as a result of Defendant's failure to pay all of the agreed-upon sales commissions.

13. Defendant has breached the Sales Representative Agreement between the parties in the following manners:

> (a) By failing to pay sales commissions at the agreed-upon rate of 5% for all products shipped to Plaintiff's customers prior to the termination of the Sales Representative Agreement;
>
> (b) By failing to pay the agreed upon post-termination sales commissions; and
>
> (c) Other breaches as yet unknown.

4

14. As a proximate result of Defendant's breach of the Sales Representative Agreement, Plaintiff has been damaged in an amount in excess of $75,000.

WHEREFORE, Plaintiff demands judgment against Defendant in any amount in excess of $75,000 to which it is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred.

### COUNT III – VIOLATION OF THE MICHIGAN SALES REPRESENTATIVES COMMISSION ACT

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 as if the same were fully set forth herein.

16. Defendant sells or distributes products in Michigan and/or contracted with a sales representative to solicit orders for or sell products in Michigan.

17. Plaintiff contracted with or was employed by Defendant for the solicitation of orders or sale of goods, and was paid, in whole or in part, by commission.

18. Defendant has intentionally failed to pay sales commissions to Plaintiff within the time limits prescribed by Mich. Comp. Laws § 600.2961, the Sales Representatives Commission Act ("SRCA").

17. As a direct and proximate result of Defendant's failure to pay sales commissions within the time limits prescribed by the SRCA, Plaintiff has been

damaged in an amount in excess of $100,000, exclusive of costs, interest and attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant in any amount in excess of $75,000 to which it is found to be entitled, together with costs, interest and attorney fees so wrongfully incurred.

                                      Respectfully submitted,

                                      s/Randall J. Gillary
                                      Randall J. Gillary, P.C.
                                      201 W. Big Beaver Rd., Ste. 1020
                                      Troy, MI  48084
                                      (248) 528-0440
                                      rgillary@gillarylaw.com
                                      P29905

Date:  July 16, 2014

## JURY DEMAND

NOW COMES Plaintiff, MGP Electronics, Inc., by and through its attorneys, RANDALL J. GILLARY, P.C., who respectfully demands a trial by jury in the above-captioned matter.

                                      Respectfully submitted,

                                      s/Randall J. Gillary
                                      Randall J. Gillary, P.C.
                                      201 W. Big Beaver Rd., Ste. 1020
                                      Troy, MI  48084
                                      (248) 528-0440
                                      rgillary@gillarylaw.com
                                      P29905

Date:  July 16, 2014